Richard J. Reynolds (SBN 11864)
E-mail: rreynolds@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1851 East First Street, Suite 1550
Santa Ana, CA 92705-4067
Tel: 949.863.3363    Fax: 949.863.3350

Michael R. Brooks (SBN 7287)
E-mail: mbrooks@brookshubley.com
BROOKS HUBLEY, LLP
1645 Village Center Circle, Suite 60
Law Vegas, NV 89134
Tel: 702.851.1191    Fax: 702.851.1198

Attorneys for Defendant and Counterclaimant
TROJAN CAPITAL INVESTMENTS, LLC and
Defendant TRINITY FINANCIAL SERVICES, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RODNEY MOTT, | Case No. 2:16-cv-01949-JCM-CWH |
| Plaintiff, | **MOTION TO EXPAND TIME FOR SERVICE** |
| v. | |
| THE PNC FINANCIAL SERVICES GROUP, INC; SELECT PORTFOLIO SERVICING, INC; TRINITY FINANCIAL SERVICES, LLC; TROJAN CAPITAL INVESTMENTS, LLC, RADIAN SERVICES, LLC; and SPECIAL DEFAULT SERVICES, INC. | |
| Defendants. | |
| TROJAN CAPITAL INVESTMENTS, LLC, | |
| Counterclaimant, | |
| v. | |
| RODNEY MOTT; RADIAN SERVICES, LLC; PNC BANK, N.A.; THE PNC FINANCIAL SERVICES GROUP, INC. BANK OF AMERICA, N.A.; SELECT PORTFOLIO SERVICING, INC.; WILMINGTON TRUST, NATIONAL | |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4828-4966-7914 v1
06837-0033

- 1 -

MOTION TO EXPAND TIME FOR SERVICE

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | ASSOCIATION, not in its individual capacity but solely as trustee under the Greenwich Investors XL Pass-Through Trust Agreement; DTA SOLUTIONS LLC; BSI FINANCIAL SERVICES INC.; DREAMBUILDER INVESTMENTS LLC; LAND HOME FINANCIAL SERVICES, INC.; TRINITY FINANCIAL SERVICES, LLC; and Also all other persons unknown claiming any right, title, estate, lien or interest in the real property described in the counterclaim adverse to counterclaimant's ownership in the referenced lien and note stated herein, or any cloud upon counterclaimant's title to the referenced lien and note herein inclusive,<br><br>                      Counterdefendants. |

        COMES NOW, Defendant and Counterclaimant, TROJAN CAPITAL INVESTMENTS, LLC ("Trojan"), by and through its attorneys, Richard Reynolds of BURKE, WILLIAMS & SORENSEN, LLP , and hereby moves this Honorable Court for an Order Expanding Time for Service of Process and Granting Leave for Service of ninety ("90") days as to DREAMBUILDER INVESTMENTS LLC, a New York Limited Liability Company.

        This Motion is made and based upon the attached Memorandum of Points and Authorities, the attached declaration and exhibits, the papers and pleadings on file herein, and any oral argument that this Honorable Court may entertain at the time of hearing of this Motion.

Dated: June 9, 2017                                            BURKE, WILLIAMS & SORENSEN, LLP

                                                                                  By: /s/ *Richard J. Reynolds*
                                                                                        Richard J. Reynolds

                                                                                       Michael R. Brooks
                                                                                       BROOKS HUBLEY, LLP
                                                                                      1645 Village Center Circle, Suite 60
                                                                                       Law Vegas, NV  89134

                                                                                       Attorneys for Defendants TROJAN
                                                                                      CAPITAL INVESTMENTS, LLC and
                                                                                      TRINITY FINANCIAL SERVICES, LLC

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4828-4966-7914 v1
06837-0033

- 2 -

MOTION TO EXPAND TIME FOR SERVICE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF RELEVANT FACTS

Plaintiff's first amended and supplemental complaint ("FAC") pleads various counts including violation of the Federal Debt Collection Practices Act, Declaratory Relief regarding alleged unenforceability of the subject loan note, breach of an alleged accord to forgive the debt, declaratory relief regarding allegeed inability to foreclose, unjust enrichment, civil conspiracy, and misrepresentation as to the alleged forgiveness of the debt. The claims are related to real property commonly known as 609 Verde Vista Place, Las Vegas, Nevada 89145 (the "Property").

TROJAN CAPITAL INVESTMENTS, LLC ("Trojan") filed its Amended Answer to the FAC and pleaded counterclaims ("Counterclaims") therein of quiet title and declaratory relief on March 13, 2017 against the parties listed above. The counterclaim seeks to quiet title to the deed of trust in favor Trojan and the declaratory relief claim seeks a finding that Trojan is the owner in possession of the original note which is secured by the deed of trust recorded referencing the original note and that Trojan is the owner and trust deed beneficiary of that deed of trust. The Counterdefendants are necessary parties because Trojan seeks to exclude them from any interest in the subject Deed of Trust and Note as well to remove all impediments created with respect to those documents.

All of the Counterdefendants to the Counterclaims have been served except for Counterdefendant DREAMBUILDER INVESTMENTS LLC ("Dreambuilder"). To date, although Trojan "served" Dreambuilder, it appears to have been unable to do so properly as discussed in further detail below.

On April 3, 2017, Trojan's process server appeared at the corporate office of Dreambuilder, and served an unnamed person who appeared to be a Dreambuilder representative, but the process server does not appear to have successfully served an, "officer, a managing or general agent, or…other agent authorized by appointment or by law to receive service of process." Federal Rules of Civil Procedure, Rule 4(h). It also appears there was no confirmation the person served was authorized by appointment or law to receive service of the summons and complaint.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4828-4966-7914 v1
06837-0033

- 1 -

MOTION TO EXPAND TIME FOR SERVICE

Given the number of Counterdefendants served and a proof of service from the process server very late of "service" on Dreambuilder, this apparent error in service was not discovered until the week of June 5, 2017, when the process server sent the proof of service to counsel for Trojan and Trojan's counsel had the opportunity to review it. Service by the process server was <u>confirmed</u> but because a proof of service was provided late by the process server, Trojan now needs to expand time for service for 90 days for personal service or another method allowed on business entities by the States of New York or Nevada.

A Proof of Service of Summons on Dreambuilder is on file (Doc. 68), and Trojan seeks to expand the time for service for 90 days to file an Amended Proof of Service reflecting proper service on Dreambuilder. Trojan anticipates service will occur well before the time requested in that if Dreambuilder cannot be "personally" served, Trojan will use other methods allowed to serve business entities.

Counterdefendant Dreambuilder is a necessary party to this suit in that Trojan is informed and believes that Dreambuilder at one time owned the Note and sold the Note to Defendant TRINITY FINANCIAL SERVICES, LLC ("Trinity"), which then for consideration transferred ownership of the Note to Trojan. Further, Trojan is informed and believes that Dreambuilder represented to Trinity it had possession and ownership of an original deed of trust and was the rightful trust deed beneficiary under that deed of trust. Trinity for consideration transferred that deed of trust to Trojan.

## II. **LEGAL ARGUMENT**

### A. **Statement of the Law**

Fed. R. Civ. P. 4(h) provides as follows:

> **"(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> **(1)** in a judicial district of the United States:
>
> **(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> **(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4828-4966-7914 v1
06837-0033

- 2 -

MOTION TO EXPAND TIME FOR SERVICE

law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

(2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

On April 3, 2017, Trojan's process server <u>appeared</u> at the corporate office of Dreambuilder, and <u>served</u> an unnamed person who appeared to be a Dreambuilder representative, but the process server does not appear to have successfully served an *identified*, "officer, a managing or general agent, or…other agent authorized by appointment or by law to receive service of process." Federal Rules of Civil Procedure ("FRCP"), Rule 4(h). As to the reference to FRCP, Rule 4(e)(1) ["…following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"], New York law requires attempts at personal service of a summons on a members of a limited liability company if management is vested in members, on the manager of the limited liability company, or on an appointed agent or person authorized to receive process or who is designated by the company to receive proces. NY CPLR § 311-a. It appears there may have been no proper confirmation by the process server that the person served was authorized by appointment, designation, or law to receive service of the summons and complaint. Thus, to be sure, Trojan must serve Dreambuilder in a manner which unquestionably comports with law— whether by "personal service" *or by another method permitted on business entities.*

**B.    GOOD CAUSE EXISTS TO EXPAND THE TIME FOR SERVICE OF PROCESS**

Fed. R. Civ. P. 4(m) provides that a defendant must be served within 90 days after a complaint is filed. Because the Counterclaim was filed on March 13, 2017, service must be accomplished by June 11, 2017. However, the rule further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Similarly N.R.C.P. 4(i) allows the Court to expand the time for service of process upon good cause shown.

As set forth above, Trojan diligently served Dreambuilder "personally" at its office in New York and apparently <u>served</u> a representative but that may be insufficient in these

circumstances. This apparent error in service was not discovered until the week of June 5, 2017, when the process server sent the proof of service to counsel for Trojan and Trojan's counsel had the opportunity to review it. Service by the process server was <u>confirmed</u> but because a proof of service was provided late by the process server, Trojan needs to expand time for service for 90 days. For all these reasons, Trojan respectfully requests that this Court enlarge the time allowed for service of process for 90 days for personal service or another method allowed on business entities by the States of New York or Nevada.

### III. <u>CONCLUSION</u>

For all the above reasons, Trojan respectfully requests that this Honorable Court enlarge the time allowed for service of process by an appropriate period of 90 days on Dreambuilder, so service can be effective personally or by other means allowable on entities.

Dated: June 9, 2017                    BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ *Richard J. Reynolds*
    Richard J. Reynolds

Michael R. Brooks
BROOKS HUBLEY, LLP
1645 Village Center Circle, Suite 60
Law Vegas, NV 89134

Attorneys for Defendant and Counterclaimant TROJAN CAPITAL INVESTMENTS, LLC and Defendant TRINITY FINANCIAL SERVICES, LLC

# DECLARATION OF RICHARD REYNOLDS
# IN SUPPORT OF MOTION TO EXPAND TIME FOR SERVICE

Richard Reynolds, being first duly sworn, deposes and says, that:

1. That I am a partner and attorney with BURKE, WILLIAMS & SORENSEN, LLP. I am duly licensed to practice law in all courts in the States of Nevada, California, and Arizona. I am an attorney of record for the Defendant and Counterclaimant TROJAN CAPITAL INVESTMENTS, LLC ("Trojan") and Defendant TRINITY FINANCIAL SERVICES, LLC ("Trinity"), in the above-captioned matter.

2. Trojan filed its Amended Answer to First Amended and Supplemental Complaint and Counterclaims on March 13, 2017.

3. All of the Counterdefendants to the action were thereafter served other than DREAMBUILDER INVESTMENTS LLC ("Dreambuilder").

4. To date, although Trojan diligently "served" Dreambuilder, it appears it may not have done so properly in accord with Federal, New York, or Nevada law. Please see Proof of Service of Summons on file (Doc. 68). With an expansion of time to serve, Trojan will file an Amended Proof of Service of Summons. I have attached a true and correct copy of Dreambuilder's entity information found on the New York Secretary of State, Division of Corporations, website as Ex. A.

5. On April 3, 2017, Trojan's process server <u>appeared</u> at the corporate office of Dreambuilder, and <u>served</u> an unnamed person who appeared to be a Dreambuilder representative, but the process server does not appear to have successfully served an *identified*, "officer, a managing or general agent, or…other agent authorized by appointment or by law to receive service of process." Further, the process server did not appear to serve an *identified* member of Dreambuilder if management is vested in members, on the manager of Dreambuilder, or on an appointed agent or person authorized to receive process or who is designated by Dreambuilder to receive process. To be sure, Trojan must serve Dreambuilder in a manner which unquestionably

///

///

comports with law—whether by "personal service" *or by another method permitted on business entities*.

6. As set forth above, Trojan diligently served Dreambuilder "personally" at its office in New York and apparently <u>served</u> a representative, but that may be insufficient in these circumstances. This apparent error in service was not discovered until the week of June 5, 2017, when the process server sent the proof of service to counsel for Trojan and Trojan's counsel had the opportunity to review it. Service by the process server was <u>confirmed</u> but because a proof of service was provided late by the process server, Trojan needs to expand time for service for 90 days.

7. Trojan respectfully requests that this Honorable Court enlarge the time allowed for service of process by an appropriate period, ninety days, to allow for "personal service" *or by another method permitted on business entities* by the States of Nevada and New York.

I swear under penalty of perjury under the laws of the United States of American that the foregoing is true and correct.

Executed on this 9th day of June 2017, at Santa Ana, California.

/s/ *Richard J. Reynolds*
RICHARD J. REYNOLD, Declarant

IT IS SO ORDERED.

DATED: June 13, 2017

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

IRV #4828-4966-7914 v1
06837-0033

- 2 -

MOTION TO EXPAND TIME FOR SERVICE

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA