UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RODNEY MOTT, | Case No. 2:16-CV-1949 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| THE PNC FINANCIAL SERVICES GROUP, INC., et al., | |
| Defendant(s). | |

Presently before the court is defendant/cross-defendant Radian Services, LLC's ("Radian") motion to dismiss. (ECF No. 44). Defendant/counter-claimant Trojan Capital Investments, LLC ("Trojan") filed a response (ECF No. 51), to which the Radian replied (ECF No. 52).

Also before the court is defendant/counter-defendant PNC Financial Services Group, Inc.'s ("PNC") motion to dismiss. (ECF No. 70). Trojan filed a response (ECF No. 85), to which PNC replied (ECF No. 96).

Also before the court is counter-defendant BSI Financial Services, Inc.'s ("BSI") motion to dismiss. (ECF No. 71). Bank of America, N.A. ("BANA") joined (ECF No. 74), Trojan filed a response (ECF No. 86), and BSI replied (ECF No. 92).

Also before the court is counter-defendant Land Home Financial Services, Inc.'s ("Land Home") motion to dismiss. (ECF No. 79). Trojan filed a response (ECF No. 94), to which Land Home replied (ECF No. 99).

Also before the court is defendant/counter-defendant Select Portfolio Servicing, Inc.'s ("Select Portfolio") motion to dismiss. (ECF No. 81). Trojan filed a response (ECF No. 97), to which Select Portfolio replied (ECF No. 104).

Also before the court is plaintiff Rodney Mott's ("Mott") motion for partial summary judgment.  (ECF No. 84).  Trojan and Trinity Financial Services, LLC ("Trinity") filed a response (ECF No. 107), to which Mott replied (ECF No. 112).

I.  **Facts**

The present case involves a dispute over real property located at 609 Verde Vista Place, Las Vegas, Nevada 89145 (the "property").

A deed of trust was recorded on the property on December 23, 2005 securing a note in the amount of $300,000.  (ECF No. 81).

*1.  Fact relevant to the motions to dismiss*

On August 16, 2016, Mott filed a complaint alleging several causes of action against six named defendants including PNC, Select Portfolio, and Radian.  (ECF No. 1).  Mott's claims against PNC and Select Portfolio were later resolved through an acceptance of an offer of judgment.  (ECF No. 37).  Then on January 25, 2017, Mott voluntarily dismissed Radian.  (ECF No. 44).

On March 13, 2017, Trojan then filed a counterclaim alleging an interest in the subject deed of trust and property.  (ECF No. 38).  Trojan named twelve defendants in its counterclaim, including PNC, Select Portfolio, Radian, BSI, BANA, and Land Home.  *Id.*  BSI and Land Home were not named as defendants in Mott's first amended complaint.  (ECF No. _____).

According to the counterclaim, Trojan is the holder of the note and the beneficiary of the deed of trust.  (ECF No. 38).  The counterclaim asserts claims for quiet title and declaratory relief against PNC, Select Portfolio, Radian, BSI, and Land Home.  *Id.*  The counterclaim alleges that these parties may claim an interest in the property, the note, and the deed of trust adverse to Trojan.  *Id.*  PNC, Select Portfolio, BSI, and Land Home are believed by Trojan to have been servicers of the note and deed of trust for various brief periods beginning in October of 2010 and ending in 2014.  (ECF No. 38).  As to Radian, Trojan alleges that the note and deed of trust were mistakenly assigned to Radian and recorded in error.  *Id.*  Radian then immediately returned the note and deed of trust to the previous holder in recognition of the mistake.  *Id.*

Select Portfolio, BSI, PNC, BANA, and Land Home have all filed notices of disclaimer of interest in the property, the note, and deed of trust stating that each disclaim all right, title or interest to the property and requesting to be dismissed from the action. (ECF Nos. 45, 53, 57, 73, 80).

In the instant motions, counter-defendants Radian, PNC, BSI, Land Home, and Select Portfolio all move to dismiss Trojan's counterclaim, as none of the counter-defendants claim an interest in the property. (ECF Nos. 44, 70, 71, 79, 81).

   2. *Facts pertaining to the motion for partial summary judgment*

On December 16, 2005, Mott signed the note evidencing the loan with First Franklin, a division of National City Bank of Indiana ("First Franklin"). (EC F No. 84). Mott's payment obligations on the note were secured by the deed of trust, which was recorded on December 23, 2005. *Id.* Mott has not made payments on the note since November 1, 2008. (ECF No. 107). While Mott alleges his obligations under the note were forgiven in 2009, Trojan and Trinity claim they have no records or past communications from Mott's past lenders, trust deed beneficiaries, or loan servicers that the debt had ever been paid, compromised, canceled, eliminated, or excused. (ECF Nos. 84, 107).

On October 3, 2007, an assignment of deed of trust was executed between MERS, as nominee for First Franklin, and Radian. (ECF No. 84). This document purportedly transferred both the note and deed of trust to Radian. *Id.* This assignment was not recorded until more than eight years later, on December 23, 2015. *Id.*

Mott alleges that the note fails to demonstrate that Trinity or Trojan ever acquired an interest in the enforcement of its terms. (ECF No. 84). The note contains only an undated endorsement in which First Franklin paid the note to the order of First Franklin Financial Corporation ("First Franklin Financial") and another endorsement indicating that First Franklin Financial paid the note to the order of Radian. *Id.* There is no subsequent endorsement from Radian to Trinity, nor an endorsement in blank converting the note into bearer paper. *Id.* Further, there is no allonge attached to the note indicating that Trinity acquired an interest in the note. *Id.*

Trojan and Trinity allege that First Franklin Financial, by error or mistake, made the note transferrable to Radian by mistakenly inserting Radian in the blank endorsement, and also

mistakenly assigned the corresponding deed of trust to Radian, which was then recorded in error. (ECF No. 107).  They further allege that the note and deed of trust were never transferred and placed in Radian's possession or, if so, were immediately returned.  *Id.*  Nonetheless, the error was not corrected.  *Id.*  Trinity claims to have made several attempts to obtain an assignment of the deed of trust from Radian, but Radian did not respond.  *Id.*  Accordingly, Trinity executed the loss affidavit.  *Id.*

On December 23, 2015, the same day Frist Franklin's assignment to Radian was recorded, Don A. Madden, president of Trinity, recorded an affidavit regarding lost or misplaced assignment (the "loss affidavit").  (ECF No. 84).  Madden affirmed that Trinity purchased the note and deed of trust, but that the original assignment from Radian to Trinity "has been lost, destroyed, or misplaced and cannot be located for the recording."  *Id.* at 7.  The note and deed of trust was one of approximately 159 received by Trinity on March 13, 2015.  (ECF No. 107).

On August 12, 2015, as part of a purchase of over 75 loans by Trojan from Trinity, Trinity transferred the note and deed of trust.  (ECF No. 107).  On January 16, 2016, the assignment of the deed of trust to Trojan was recorded.  *Id.*  Mott alleges there is no indication that the note itself was also transferred, but Trinity alleges an allonge was also executed transferring the note from Trinity to Trojan.  (ECF Nos. 84, 107).

On August 19, 2016, Special Default Services ("SDS"), as trustee on the deed of trust, recorded a notice of breach and default and election to sell.  (ECF No. 84).  Attached to this document was an affidavit of authority to exercise the power of sale dated June 3, 2016.  *Id.* The affidavit was executed by Madden and affirmed that Trojan was the holder of the note.  *Id.*  Trojan contends that it is the current owner of the deed of trust and has never assigned the deed of trust or transferred the note to any other person or entity.  (ECF No. 107).

On August 16, 2016, Mott filed suit against Trinity and Trojan requesting that Trinity and Trojan be enjoined from foreclosing on the property.  (ECF No. 84).

Mott moves for partial summary judgment on the narrow issue of whether Trinity and Trojan are, or ever were, holders of the note, which Trinity claims to have purchased and transferred to Trojan and which Trojan now seeks to enforce against Mott.  (ECF No. 84).

## II.     Legal Standards

### A.  Motion to Dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must

contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### B. Motion for Summary Judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

#### A. Motions to Dismiss (ECF Nos. 44, 70, 71, 79, 81)

In their motions, PNC, BSI joined by BANA, Land Home, and Select Portfolio, as previous servicers of the note for brief periods of time, argue that they never claimed or had an interest in the property, note, or deed of trust. (ECF Nos. 70, 71, 74, 79, 81). Further, each party filed a notice of disclaimer of interest memorializing this lack of interest. (ECF Nos. 45, 53, 57, 73, 80). Accordingly, PNC, BSI joined by BANA, Land Home, and Select Portfolio all argue that the court

should dismiss Trojan's quiet title and declaratory relief claims against them. (ECF Nos. 70, 71, 74, 79, 81).

In its motion, Radian also argues that it does not claim any interest in the note, deed of trust, or the property and per Trojan's admissions, was only mistakenly assigned the note and deed of trust in 2009 for a brief period of time, after which Radian returned both to the previous holder. (ECF No. 44). Given Trojan's failure to definitely allege a claim against Radian, Radian argues the court should dismiss Trojan's counterclaim. *Id.*

### 1. *Declaratory Relief*

As an initial matter, the court will dismiss claim (2) of Trojan's counterclaim, as it asserts a cause of action for declaratory relief. (ECF No. 38).

"[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l Mortg. Ass'n*, no. 2:11-cv-00149-JAD-PAL, 2014 WL 584876 (D. Nev. Feb. 11, 2014); *see Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, no. 2:15-cv-02257-JCM-CWH, 2017 WL 1902158, at *4 (D. Nev. May 9, 2017) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)); *see also Centex Homes v. Everest Nat'l Ins. Co.*, no. 2:16-cv-01275-GMN-CWH, 2017 WL 4349017 (D. Nev. Sept. 29, 2017) ("[T]he Court will interpret Plaintiff's claim for declaratory relief as a request for a remedy rather than a separate cause of action . . . .").[1] As Trojan's second cause of action requests a remedy of declaratory relief, and is not a substantive cause of action, the court will dismiss the claim to the extent they purport to create a cause of action. *See Wells Fargo*, 2017 WL 1902158, at *4.

### 2. *Quiet title*

Trojan's counterclaim alleges a claim for quiet title against all named counter-defendants. (ECF No. 38). Under Nevada law, "[a]n action may be brought by any person against another who

---

[1] The court in *Centex* denied defendant's motion to dismiss plaintiff's claim for declaratory relief due to its interpretation of plaintiff's claim as a request for a remedy rather than a separate cause of action. 2017 WL 4349017, at *5. This court will grant defendant's motion to dismiss, but will consider the allegations within plaintiff's first and second causes of action to the extent they request the remedy of declaratory relief. The court does not see a practical difference between the two approaches.

1   claims an estate or interest in real property, adverse to the person bringing the action for the
2   purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does
3   not require any particular elements, but each party must plead and prove his or her own claim to
4   the property in question and a plaintiff's right to relief therefore depends on superiority of title."
5   *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation
6   marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs
7   to show that its claim to the property is superior to all others. *See also Breliant v. Preferred*
8   *Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests
9   with the plaintiff to prove good title in himself.").

10   Under NRS 40.010, an "action may be brought by any person against another who claims
11   an estate or interest in real property, adverse to the person bringing the action, for the purpose of
12   determining such adverse claim." Nev. Rev. Stat. § 40.010.

13   As BSI, BANA, Land Home, PNC, and Select Portfolio all filed separate notices of
14   disclaimer of interest in the note, deed of trust, and property, in addition to their motions to dismiss,
15   these parties have adequately demonstrated to the court they lack any claim or interest adverse to
16   Trojan's. Accordingly, the court will grant BSI, joined by BANA, Land Home, PNC, and Select
17   Portfolio's motions to dismiss as to Trojan's quiet title claim. (ECF Nos. 70, 71, 79, 81). Because
18   Radian has not filed a notice of disclaimer of interest, the court will deny Radian's motion to
19   dismiss as to Trojan's quiet title claim. (ECF No. 44).

20   **B. Motion for Partial Summary Judgment** (ECF No. 84)

21   In Mott's motion, he argues that the court should limit any claim by Trinity or Trojan to
22   the ownership of the note and deed of trust to their admitted status as "holders" of the note. (ECF
23   No. 84). In separate affidavits produced by both Trinity and Trojan (the loss affidavit and the
24   affidavit attached to the notice of default and election to sell), each defendant references itself as
25   the current "holder" of the note. *Id.* Mott contends that based on the undisputed material facts,
26   neither Trinity nor Trojan can establish, as a matter of law, that they are "holders" under the UCC
27   and Nevada law. *Id.*

28

In support, Mott argues that on the date of the attempted foreclosure sale, neither Trojan nor Trinity had engaged in the proper negotiation of the note as required under Nevada law to be considered a "holder." (ECF No. 84). Thus, neither defendant has the authority to enforce any alleged remaining obligations under the note, including through foreclosure of the property. *Id.* Accordingly, Mott argues that the court should enter partial summary judgment in its favor, finding that Trinity and Trojan have no enforceable interest in the note and to enjoin Trojan and/or Trinity from future attempts to foreclose on the property. *Id.*

Notably, Trinity and Trojan do not deny that they are not "holders" of the note, as defined under the UCC and Nevada law. (ECF No. 107). Each Trinity and Trojan contend that references to its status as "holder" of the current note in their respective affidavits was not an attempt by either defendant to convey that it was a UCC "holder," but instead was a more general communication that each owned and possessed the original note and deed of trust. *Id.* They allege their intention was never to imply or to claim such a status. *Id.* Further, the affidavits do not specify or define the term "holder" and how it is being used. *Id.*

Trinity and Trojan continue in their response that Mott's argument as to their "holder" status is irrelevant and that their ownership of the note and deed of trust is undisputed. (ECF No. 107). Further, the defendants contend that valid arguments in support of their successive ownership of the note and deed of trust should not be foreclosed as a result of Mott's interpretation of their use of the word "holder" in the two affidavits. *Id.* The court agrees.

There exists a genuine issue of material fact as to the intent of Trinity and Trojan's use of the word "holder." In turn, the court will permit Trojan and Trinity to prove ownership and possession of the note, despite Mott's request that the court foreclose such efforts due to the defendants' use of "holder" in their respective affidavits. Accordingly, the court will deny Mott's motion for summary judgment as to Trinity and Trojan's ownership of the note and deed of trust and their ability to enforce that ownership.

## IV.   Conclusion

In light of the foregoing, Trojan's claim for declaratory relief will be dismissed with prejudice. As PNC, BANA, Select Portfolio, BSI, and Land Home have filed separate notices of

1  disclaimer of interest, Trojan's claim for quiet title as alleged against these parties will also be

2  dismissed with prejudice. (ECF Nos. 70, 71, 79, 81). Because Radian has not filed a similar

3  notice, Radian's motion to dismiss as to Trojan's quiet title claim will be denied. (ECF No. 44).

4  In addition, Mott's motion for partial summary judgement will be denied, as issues of

5  material fact exist regarding the ownership of the note and deed of trust and Trinity and Trojan's

6  authority to enforce its purported interest in the property.

7  Accordingly,

8  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Radian's motion to

9  dismiss (ECF No. 44) be, and the same hereby is, GRANTED in part and DENIED in part,

10  consistent with the foregoing.

11  IT IS FURTHER ORDERED that PNC's motion to dismiss (ECF No. 70) be, and the same

12  hereby is, GRANTED consistent with the foregoing.

13  IT IS FURTHER ORDERED that BSI's motion to dismiss (ECF No. 71) be, and the same

14  hereby is, GRANTED consistent with the foregoing.

15  IT IS FURTHER ORDERED that Land Home's motion to dismiss (ECF No. 79) be, and

16  the same hereby is, GRANTED consistent with the foregoing.

17  IT IS FURTHER ORDERED that Select Portfolio's motion to dismiss (ECF No. 81) be,

18  and the same hereby is, GRANTED consistent with the foregoing.

19  IT IS FURTHER ORDERED that Trojan's quiet title and declaratory relief claims against

20  PNC, BSI, Land Home, Select Portfolio, and BANA be, and the same hereby are, DISMISSED

21  consistent with the foregoing.

22  IT IS FURTHER ORDERED that Mott's motion for partial summary judgment (ECF No.

23  84) be, and the same hereby is, DENIED consistent with the foregoing.

24  DATED March 23, 2018.

25

26  UNITED STATES DISTRICT JUDGE

27

28