UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RODNEY MOTT,

    Plaintiff,

v.

The PNC Financial Services Group, Inc., *et al.*,

    Defendants.

Case No.: 2:16-cv-01949-JCM-EJY

**ORDER**

Presently before the Court is Plaintiff Rodney Mott's Motion to Seal Exhibits A, A-2, A-3, A-4, A-5, A-6, B-1, B-2, B-3, B-4, B-5, B-6, B-10 and B-11 to Motion for Judgment on the Pleadings and Summary Judgment Regarding Trojan's Counterclaims, and Request for Judicial Notice (ECF No. 197), and Plaintiff's Motion to Seal Exhibits A, A-1, A-2, A-4, A-5, A-6, A-7, A-8, A-9, A-10, A-13, A-14, and A-15 to Plaintiff's Response to Motion for Summary Judgment; Plaintiff's Motion to Strike Exhibit 10 to Defendant's Motion for Summary Judgment; and Plaintiff's Motion for Sanctions (ECF No. 209).[1] No oppositions were filed in response to either Motion. The Court finds as follows.

Plaintiff requests leave of Court to file unredacted copies of the above Exhibits under seal. Plaintiff claims that his financial "account numbers and home address," either or both of which appear on the Exhibits, "fall within the scope of the redaction rules." ECF Nos. 197, 209 at 2. Rule 5.2(a)(4) of the Federal Rules of Civil Procedure states that "in an electronic or paper filing with the court that contains an individual's . . . financial-account number, a party . . . making the filing may include only . . . the last four digits of the financial-account number." Local Rule ("LR") IC 6-1 further provides:

> (a)     Parties must refrain from including—or must partially redact, where inclusion is necessary—the following personal-data identifiers from all documents

---

[1] The Court acknowledges that Judge Mahan granted Defendants' Motion for Summary Judgment on April 3, 2020. ECF No. 220. To preserve the integrity of the public record and for the reasons contained in this Order, the Court grants Plaintiff's Motion to Seal.

1

filed with the court, including exhibits, whether filed electronically or in paper, unless the court orders otherwise: . . .

> (4) Financial Account Numbers. If financial account numbers must be included, only the last four digits of these numbers should be used.
>
> (5) Home Addresses. If a home address must be included, only the city and state should be listed. . . .

(b) A[n] . . . attorney making a redacted filing also may file an unredacted copy under seal. . . . This document must be retained by the court as part of the record until further court order. But the court may still require the party to file a redacted copy for the public record.

In addition, LR IA 10-5 explains that:

> (a) . . . papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal. . . . All papers filed under seal will remain sealed until the court either denies the motion to seal or enters an order unsealing them. . . .
>
> (c) An attorney . . . who files a document under seal must include with the document either (i) a certificate of service certifying that the sealed document as served on the opposing attorneys . . . , or (ii) an affidavit showing good cause why the document has not been served on the opposing attorneys[.]

A party seeking to file a confidential document under seal must not only file a motion to seal but must also comply with the Ninth Circuit's directives in *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Because courts generally recognize a "right to inspect and copy public records and documents, including judicial records and documents," a party seeking to maintain the secrecy of documents attached to dispositive motions, as here, must show compelling reasons sufficient to overcome the presumption of public access. *Id*. at 1178, *citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). This right is justified by the interest of citizens who "keep a watchful eye on the workings of public agencies." *Nixon*, 435 U.S. at 598. Therefore, if a sealing order is permitted, it must be narrowly tailored. *Press–Enterprise Co. v. Superior Ct. of Cal.*, *Riverside Cnty.*, 464 U.S. 501, 512 (1984).

As previously stated, a party's financial account numbers and home address are generally protected from full disclosure in court filings. In compliance with Fed. R. Civ. P. 5.2(a) and LR IC 6-1, Plaintiff submitted redacted copies of the exhibits on to the public record and unredacted copies

of these exhibits under seal. Pursuant to LR IA 10-5, Plaintiff filed the present Motions to Seal (ECF Nos. 197, 209), and his counsel entered affidavits alleging existence of good cause not to serve unredacted copies of the Exhibits (ECF Nos. 198, 210) on Defendants.

Here, however, Plaintiff's home address and his financial account number ending in "6330" have previously been filed in documents on the public record. For example, Plaintiff's Exhibit B-6, attached to his Motion for Judgment on the Pleadings, Motion for Partial Summary Judgment, and Request for Judicial Notice, is identical to Defendants' Amended Answer and its attached Exhibits. *Compare* ECF No. 38 and ECF No. 38-1 *with* ECF No. 195-14 (Ex. B-6). Defendants initially filed their Amended Answer and its companion Exhibits, containing Plaintiff's home address and his full financial account number ending in "6330," over three years ago.

Defendants should not have filed these documents in their unredacted forms, but Plaintiff should also have reviewed these documents for compliance with the Federal Rules of Civil Procedure and the Local Rules before filing his Motions to Seal. In any event, compelling reasons do not exist to seal the Exhibits in their entirety. All of Plaintiff's Exhibits can be redacted to exclude his home address and financial account numbers, leaving the remainder of the information available for review. Plaintiff, therefore, properly omitted his home address and the beginning digits of his financial account numbers from the redacted copies of the Exhibits he filed on the public docket, and submitted the present Motions requesting leave of court to file the unredacted versions of these Exhibits under seal.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Seal Exhibits A, A-2, A-3, A-4, A-5, A-6, B-1, B-2, B-3, B-4, B-5, B-6, B-10 and B-11 to Motion for Judgment on the Pleadings and Summary Judgment Regarding Trojan's Counterclaims, and Request for Judicial Notice (ECF No. 197) is GRANTED. The redacted copies of these Exhibits shall remain on the public record and the unredacted copies shall remain sealed.

IT IS FURTHER ORDERED that Plaintiff's Motion to Seal Exhibits A, A-1, A-2, A-4, A-5, A-6, A-7, A-8, A-9, A-10, A-13, A-14, and A-15 to Plaintiff's Response to Motion for Summary

Judgment; Plaintiff's Motion to Strike Exhibit 10 to Defendant's Motion for Summary Judgment; and Plaintiff's Motion for Sanctions (ECF No. 209) is GRANTED. The redacted copies of these Exhibits shall remain on the public record and the unredacted copies shall remain sealed.

DATED THIS 8th day of April, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE